[46 NYS3d 173]

In the Matter of JOHN E. CAMPBELL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 1, 2017

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of counsel), for petitioner.

*Andrew R. Bottari*, White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

John E. Campbell (hereinafter the respondent) has submitted an affidavit sworn to on August 24, 2016, in support of his application to resign as an attorney and counselor-at-law (*see* former 22 NYCRR 691.9).

The respondent acknowledges in his affidavit that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress. He acknowledges that the charges in the verified petition include allegations of his neglect of legal matters, failure to return the unearned portion of legal fees, misappropriation of third-party funds, and failure to cooperate with the Grievance Committee for the Ninth Judicial District in the investigation of pending complaints. The respondent acknowledges that he could not successfully defend himself on the merits against such charges. The respondent states that he has discussed his decision to resign with his attorney, and that he is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

The respondent's application is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court grant the respondent's application for resignation.

Inasmuch as the respondent's application to resign complies with the requirements of former 22 NYCRR 691.9, the application is granted, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. On the Court's own motion, the disciplinary proceeding authorized by decision and order on motion of this Court dated August 19, 2016 (2016 NY Slip Op 83107[U]) is discontinued in light of the respondent's disbarment.

ENG, P.J., RIVERA, DILLON, BALKIN and MALTESE, JJ., concur.

Ordered that the application of John E. Campbell, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John E. Campbell, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that John E. Campbell, a suspended attorney, shall continue to comply with this Court's rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John E. Campbell, a suspended attorney, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if John E. Campbell, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f); and it is further,

Ordered that on the Court's own motion, the disciplinary proceeding authorized by decision and order on motion of this Court dated August 19, 2016 (2016 NY Slip Op 83107[U]) is discontinued.